UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

FILED OH S BANKRUPTCY
MAR 10 2026 PM4:08

In re:

Marguerite Latete Kilpatrick,

    Debtor

Case No. 25-30619
**Chapter 7**
**Judge Crist**

**MOTION FOR RECUSAL AND DISQUALIFICATION OF**

**THE HONORABLE TYSON A. CRIST**

**PURSUANT TO 28 U.S.C. § 455(a) AND (b)**

COMES NOW Marguerite Latete Kilpatrick ("Movant"), the former Debtor in the above-captioned case, appearing in propria persona, and hereby moves this Court for the recusal and disqualification of the Honorable Tyson A. Crist from any and all remaining proceedings in this matter, including but not limited to the pending Rule 9011 sanctions proceedings, pursuant to 28 U.S.C. § 455(a) and (b). In support thereof, Movant states as follows:

**I. JURISDICTION AND AUTHORITY**

1. This Motion is filed pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

2. This Motion is also filed pursuant to 28 U.S.C. § 455(b)(1), which requires disqualification where a judge "has a personal bias or prejudice concerning a party."

3. As noted in the Court's own Order (Doc. 89), the only remaining matter before this Court is the potential imposition of sanctions against Movant pursuant to Federal Rule of Bankruptcy Procedure 9011(c). This Court therefore retains jurisdiction to consider this Motion.

## II. STATEMENT OF FACTS

4. On November 24, 2025, this Court entered its Order Denying Former Debtor's Emergency Motion for Stay Pending Determination of Motion to Withdraw the Reference (Doc. 89) (the "Order").

5. The Order is a 28-page document that, while purporting to address Movant's Emergency Motion for Stay and Motion to Withdraw the Reference, contains extensive language that demonstrates personal bias, prejudice, and prejudgment against Movant.

6. The language and tone of the Order, as detailed below, would cause a reasonable, well-informed observer to question the Court's impartiality.

## III. GROUNDS FOR RECUSAL

### A. The Order Demonstrates Personal Bias and Prejudice

7. The Order uses the pejorative term "sovereign citizen" over thirty (30) times to characterize Movant and her filings. While a court may describe the legal theories presented, the gratuitous and repetitive use of this loaded term — which carries strong negative connotations — evidences personal bias rather than dispassionate legal analysis. See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that "expressions of impatience, dissatisfaction, annoyance, and even anger" may in some circumstances "do so to such a degree as to evidence bias").

8. The Order contains mocking and disparaging language directed at Movant, an in propria persona litigant, including:

a. Referring to examining Movant's legal arguments as "peeking down into the rabbit hole";

b. Sarcastically describing Movant's trust claims as operating "under the Government of God that apparently operates outside the bounds of this Court's statutory jurisdiction, but somehow would require this and other courts to halt the foreclosure action";

c. Characterizing Movant's filings as a "barrage," a "mountain," and a "complicated web";

d. Referring to Movant's representative capacity as "made-up" and her interests as "self-granted made-up interest[s]."

9. These characterizations go beyond legitimate judicial commentary and reflect personal animus. See In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (disqualification warranted where judge's comments demonstrate personal hostility).

**B. Speculative Factual Findings Without Evidence**

10. The Order states that Movant is "likely with the assistance of artificial intelligence ('AI'), such as ChatGPT" in preparing her filings. This is a speculative factual finding made without any evidence, without any hearing, and without affording Movant any opportunity to respond. Making such speculative accusations in a judicial order demonstrates that the Court has moved from impartial adjudication to adversarial engagement with Movant.

11. The Order further accuses Movant of citing "non-existent case law" that "may be an AI 'hallucination'" and characterizes this as "an independent basis for sanctions under Rule 9011." This finding was made without any hearing and without any opportunity for Movant to explain or correct any citation errors.

**C. Prejudgment of Pending Sanctions Proceedings**

12. While the Court purports to schedule a future hearing on Rule 9011 sanctions, the Order has already prejudged the outcome. The Order:

   a. Has already determined that Movant's filings are "frivolous" and "sanctionable";

   b. Has already determined that Movant's conduct "warrant[s] sanctions";

c. States "Presuming that she either does not appear or cannot show cause, the Court may proceed to impose sanctions," demonstrating that the Court has already concluded Movant cannot show cause;

d. States that the current Motions are "deserving of no relief" and constitute further sanctionable conduct, thereby expanding the scope of sanctions before any hearing.

13. A reasonable observer would conclude that any sanctions hearing before Judge Crist would be a predetermined proceeding with a foregone conclusion, not a genuine opportunity to be heard. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (recusal required where the judge's "impartiality might reasonably be questioned").

**D. Threat to Designate Movant as Vexatious Litigant Without Due Process**

14. The Order states that "it may be possible to classify Ms. Kilpatrick as a vexatious litigator who should no longer be afforded the opportunity to file any papers with this Court." This threat to strip Movant of her constitutional right of access to the courts was made without any formal proceeding, without notice that such a designation was being considered, and without a hearing. The gratuitous nature of this threat further demonstrates bias.

**E. Violation of the Judicial Oath**

15. Pursuant to 28 U.S.C. § 453, Judge Crist took an oath to "administer justice without respect to persons, and do equal right to the poor and to the rich, and . . . faithfully and impartially

discharge and perform all the duties incumbent upon me . . . under the Constitution and laws of the United States."

16. Judge Crist was appointed as a United States Bankruptcy Judge for a fourteen-year term beginning June 3, 2025, by the United States Court of Appeals for the Sixth Circuit. The Order at issue was entered on November 24, 2025, less than six months into his tenure.

17. The conduct described herein — the pejorative labeling, speculative accusations, mocking tone, prejudgment of sanctions, and threats to restrict court access — is incompatible with the oath to administer justice impartially and faithfully.

## IV. LEGAL STANDARD

18. Under 28 U.S.C. § 455(a), recusal is required where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. The standard is objective. Liteky, 510 U.S. at 548.

19. Under § 455(b)(1), recusal is mandatory where the judge has a "personal bias or prejudice concerning a party."

20. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

21. in propria persona litigants are entitled to the same impartiality and respect as represented parties. The fact that a litigant's legal theories may be unorthodox does not license a judge to mock, disparage, or demonstrate personal hostility toward that litigant in judicial orders.

## V. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that:

1. The Honorable Tyson A. Crist recuse and disqualify himself from all remaining proceedings in Case No. 3:25-bk-30619, including the pending Rule 9011 sanctions proceedings;

2. This matter be reassigned to another United States Bankruptcy Judge for the Southern District of Ohio;

3. In the alternative, if Judge Crist declines to recuse, that this Motion be referred to the Chief Judge of the Southern District of Ohio Bankruptcy Court, the Honorable Beth A. Buchanan, for determination;

4. All pending sanctions proceedings be stayed pending resolution of this Motion;

5. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Marguerite Latete Kilpatrick, In Propria Persona
108 Barnside Drive
Englewood, Ohio 45322
Telephone: 937-613-3411
Email: margufabulous@yahoo.com

Date: 3-10-26

## CERTIFICATE OF SERVICE

I hereby certify that on _March 10_, 2026, a true and correct copy of the foregoing Motion

for Recusal and Disqualification was served via first-class U.S. Mail, postage prepaid, upon the

following:

Nathan A. Wheatley
Office of the United States Trustee
170 N. High Street, Suite 200
Columbus, OH 43215

Lakeview Loan Servicing, LLC
c/o Jeffrey R. Helms
1771 W Diehl Rd, Suite 120
Naperville, IL 60563

Honorable Tyson A. Crist
United States Bankruptcy Judge
120 West Third Street
Dayton, OH 45402

Marguerite Latete Kilpatrick, In Propria Persona

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

In re:

                                                   Case No. 25-30619

Marguerite Latete Kilpatrick, :                 Chapter 7

                                                   Judge Crist

Debtor.

_____/

ORDER GRANTING MOTION FOR RECUSAL AND

DISQUALIFICATION OF THE HONORABLE TYSON A. CRIST

This matter having come before the Court upon the Motion for Recusal and Disqualification filed

by Marguerite Latete Kilpatrick, appearing in propria persona, pursuant to 28 U.S.C. § 455(a)

and (b), and the Court having reviewed the Motion and being otherwise fully advised in the

premises;

IT IS HEREBY ORDERED that:

1. The Motion for Recusal and Disqualification is GRANTED;

2. The Honorable Tyson A. Crist is hereby recused and disqualified from all remaining proceedings in Case No. 3:25-bk-30619, including the pending Rule 9011 sanctions proceedings;

3. This matter is reassigned to another United States Bankruptcy Judge for the Southern District of Ohio;

4. All pending sanctions proceedings are STAYED pending reassignment of this case.

IT IS SO ORDERED.

Date: _____

_____

United States Bankruptcy Judge

Southern District of Ohio